## PATRICK J. HOLLAND, APPELLANT, *v.* ELIZABETH BUCHANAN, RESPONDENT.

SEC. 2816, C. L. U., 1888, CONSTRUED. BENEFITS OF ACT OF CONGRESS, MARCH 2, 1867, ONLY FOR ACTUAL SETTLERS. PARTY NOT A BENEFICIARY NOT ENTITLED TO BE HEARD.

1. *Sec. 2816, C. L. U., 1888, Construed.*
   The intent of Sec. 2816, C. L. U., 1888 (Townsite Act), is to require the notice therein prescribed, to be given within thirty days after the issuance of final certificate of entry.

2. *Benefits of Act of Congress, March 2, 1867, only for Actual Settlers.*
   Under the Act of Congress of March 2, 1867, no person not a settler and occupant at the time of entry can derive any benefit directly by reason of the entry.

3. *Party Not a Beneficiary Not Entitled to be Heard.*
   The officer making the entry is the trustee, the occupants are the *cestuis que trustent,* and in this case it having been shown that appellant was a beneficiary under the trust, his offer of testimony respecting the application of respondent was properly rejected.

(Decided March 8, 1899.)

Appeal from the Fifth District Court, Juab County, Hon. E. V. Higgins, *Judge.*

Action in the nature of a contest between claimants by right of occupancy to determine who is entitled to a deed for a certain parcel of land on the Eureka townsite.

From a judgment for defendant plaintiff appeals. *Affirmed.*

*Messrs. Powers, Straup & Lippman,* and *Edward Pike, Esq.,* for appellant.

The publication and posting of notice (as required by Section 2816, C. L. U., 1888) of the entry is a process, a summons to all persons whose interests may be affected by the issuance of a deed, to appear and assert their rights and claims. *Wight* v. *Dubois,* 21 Fed., 693–95.

Where the statute provides a method by which property may be reached, or disposed of, or one's interest is thereby affected, it is not only to be strictly followed, but must also be followed to the exclusion of any other method not clearly provided. *Pennoyer* v. *Neff,* 95 U. S., 723; *Hawes on Jurisdiction,* Sec. 234; *Park* v. *Higbee,* 6 Utah, 414; *Forbes* v. *Hyde,* 31 Cal., 342; *Cohn* v. *Kember,* 47 Cal., 144.

No jurisdiction having been had, for want of publication or posting notice, and that fact being challenged in a direct proceeding, the court had no power to issue a valid deed. *Davis* v. *Wiebold,* 139 U. S., 507.

The court erred in not permitting applicant Holland to prove that he was in possession of the lot in question, and had erected a house theron, valued at $400, and that applicant Buchanan was about there, and made no objections. *City of Oklahoma* v. *Hill,* 50 Pac., 242.

A man who is in possession of a dwelling house has by

that possession a title good against all the world, for every purpose until a superior one is shown.    *Todd* v. *Jackson*, 26 N. J. L., 525.

It was competent to prove that by the acts and conduct of applicant Buchanan in permitting Holland to make valuable improvements on the land in question without objection on her part, she was thereby estopped from asserting title as against Holland.    *Kirby* and *Wilson* v. *Clark* (Utah), 55 Pac., 372, decided December 19, 1898, opinion by Judge Zane.

*J. B. Milner, Esq.*, for respondent.

The townsite act may be said to be a benevolent statute, and therefore should be construed so liberally as to give full effect to fully effectuate all the purposes intended by it, and we can not conceive that it should be construed so as to entirely defeat its object.    Sutherland on Statutory Construction, Sec. 417.

We respectfully submit that the notice having been published within thirty days after the issuance of certificate of entry, that the court had entire jurisdiction over the subject-matter, and as both appellant and respondent filed their applications in due time, the court had jurisdiction of their persons.

BARTCH, C. J.

This is a proceeding in the nature of a contest between claimants, by right of occupancy, to determine who is entitled to a deed for a certain parcel of land on the Eureka townsite.    It appears from the record that the application of the probate judge to enter the Eureka town site, in which the lot in question is included, was made in the land office, at Salt Lake City, January 23, 1891; that on December 31, 1896, the money for the land included in

the entry was paid, and a certificate of entry received by the proper officer; that within thirty days after receipt of such certificate, public notice of the entry was given as required by statute; that thereafter the court duly extended the time for filing statements of claimants to the lot in dispute; that on August 21, 1897, the appellant filed an application for a deed for the lot in controversy, and therein averred that he and his predecessors in interest had occupied it continuously since January 1, 1896; that on September 3, 1897, the respondent filed her application for a deed for the same lot, and therein averred that, on and prior to the entry of the townsite, she and her grantors were and at all times since have been in the actual possession and occupation of the lot; and that both applicants now claim to be the rightful owners of the possession.

At the hearing, which took place March 3, 1898, the court dismissed the application of Holland, the appellant, and referred the application of the respondent to a special master in chancery to take further proof of her occupancy. Thereafter, upon the master taking proof and reporting to the court, the respondent was adjudged to be the owner of the lot and entitled to a deed therefor, and the action of the court in the premises constitutes the subject of appeal.

The appellant, among other things, insists that there was no notice of the entry of the town site of Eureka, as provided by law, and that, therefore, the court acted without jurisdiction. He relies on Sec. 2816, C. L. U., 1888, which provides: "That within thirty days after the entry of any such lands the corporate authorities, or judge entering the same, shall give public notice of such entry in at least five public places within such town or city, and by publishing such notice in some newspaper printed and

published in this Territory, having a general circulation in each town or city. Said notice shall be published once in each week for at least three successive months, and shall contain an accurate description of the lands so entered as stated in the certificate of entry or duplicate receipt received from the officer of the land office."

The contention appears to be that, under this section, the notice provided for must be given by the officer making the application for entry of the townsite, within thirty days after the same is made. To so hold would indeed require a very rigid construction of the statute, and would attach a meaning to the language which, without doubt, was never contemplated by the legislature, as is apparent from the context. By the use of the words, "after the entry," in the first sentence, the legislature, doubtless, intended to fix a time for the giving of notice, not when merely an inceptive right to the land, covered by the town site, was acquired, for that might yet be defeated and never ripen into an absolute right, but when the right had become complete and fully vested, by favorable action on the application and proof, the payment of the money, and delivery of the certificate of entry. That such was the intention of the legislature becomes manifest upon interpreting, with the first, the second sentence, for then it will be observed that the notice provided for must "contain an accurate description of the land so entered, as stated by the certificate of entry or duplicate receipt received from the officer of the land office." How could an "accurate description of the lands" be given in a notice before the boundaries thereof were finally determined and fixed by the officers of the government? Or, how could a description of the lands be given in the notice, "as stated in the certificate of entry or duplicate receipt," before such certificate or receipt

was issued, upon payment of the money to the government. Manifestly the intention of the law makers was that the notice should be given after issuance of the final certificate, because until then the officer or trustee could not know what lands would ultimately be embraced in the entry. Whether the notice must be given within thirty days after the payment of the money and receipt of the certificate of entry, or whether the statute, as to time of giving it, is directory merely, are questions not necessary to be determined in this case, because the record shows that the notice was given within that time. We are of the opinion that the court had jurisdiction in the premises.

It is also insisted that the court erred in dismissing appellant's application for a deed. This contention is not sound. The application itself shows that the appellant did not occupy the lot on the date of the entry of the town site, nor does he claim through any person who was in the actual occupancy thereof on that date. He only claims occupancy since January 1, 1896. He is therefore not a beneficiary under the trust. Referring to the Act of Congress of March 2, 1867 (14 Stat. 541), which controls here, this court, in Lockwitz v. Larsen, 52 Pac. Rep., 279, said : "Under this statute the town site of Eureka City was entered, and it will be noticed that the provision is that 'the land so settled and occupied' may be entered, for 'the use and benefit of the occupants thereof.' This means that those who are the actual settlers and occupants, at the time when the entry is made, are entitled to the benefit which may accrue by virtue thereof.

The interests of such occupants attach simultaneously with the making of the entry, and no person who may have occupied land on the town site prior thereto, or may occupy such land thereafter, but who was not a settler and occupant at the time of the entry, can derive any

benefit directly by reason of the entry. The officer who enters the land is the trustee, and the occupants are the *cestuis que trustent*, who are entitled to have the trust executed and the land disposed of under such rules and regulations as the State or Territory, where the land is situated, may prescribe. The legislature of Utah has enacted the necessary rules and regulations for the disposal of the land which may be so entered, and has provided that the lots shall be conveyed to the rightful owner of possession, occupant or occupants, or to such person as might be entitled to the possession or of occupancy.

The court therefore properly dismissed the appellant's application for a deed.

Nor did the court err in rejecting the proffered testimony of appellant, respecting the application of the respondent, because the appellant had been shown not to be a beneficiary under the trust, and did not appear to have any interest whatever in the matter; nor was the testimony offered material in determining the rights of the respondent.

We do not deem it important to discuss any other question presented. There appears to be no reversible error in the record.

The judgment is affirmed, with costs.

BASKIN, J., and McCARTY, Dist. J., concur.